UNITES STATES CASUALTY Co., Petitioner, *v.* DISTRICT COURT OF ARECIBO, Respondent.

No. 1669. Argued December 10, 1946.—Decided February 24, 1947.

*Emilio de Aldrey* for petitioner.   *Pedro E. Anglade* for intervener, plaintiff in the main action.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Enrique Plumey, in behalf of his minor son Sergio, brought an action for damages against petitioner herein as insurer of an automobile, license-plate No. PA–1331; but he failed to join the assured as a defendant. The insurance company moved for the dismissal of the complaint because it did not set up facts sufficient to constitute a cause of action, on the ground that the liability of the insurance company is dependant upon the liability of the assured. The court *a quo* decided that although the assured was not sued, the complaint against the insurance company was sufficient and denied the motion for dismissal. On reconsideration it held that, pursuant to Rule 21 of the Civil Procedure, the non-joinder or misjoinder of parties was no ground for the dismissal of a complaint. In order to review that decision the insurance company filed this certiorari proceeding.

Rule 21,[1] relied on by the court *a quo*, is applicable when the complaint, notwithstanding the non-joinder of parties, states facts sufficient to constitute a cause of action. But when the complaint is insufficient, it may be dismissed, for if it does not set up a cause of action it cannot stand. In order that plaintiff may obtain a judgment against the insurance company it is necessary that the assured be liable for the damages caused, otherwise the company is not liable. For this reason in order that the complaint in this case should set up a cause of action against the insurance company, the plaintiff must have obtained a definitive judgment against the assured, or the assured should have been joined as defendant with the insurance company, pursuant to the provisions of § 175 of the Insurance Act of Puerto Rico, as amended by Act No. 19 of 1929 (Laws of 1929, p. 160). By providing that the assured and the insurer should be joined as defendants, this Section did not create any right of action against the insurer which did not previously exist. Its purpose was to avoid two suits: one against the assured and, after a successful termination thereof, another one against the insurance company.

The proper thing to do in this case was to grant the motion for dismissal of the complaint and, since the latter may be amended by joining the assured as a party defendant, to grant the plaintiff leave to file an amended complaint.

For the reasons stated the decision appealed from is set aside.

Mr. Justice Snyder did not participate herein.

---

[1] Rule 21, in its pertinent part, says:

"Non-joinder or misjoinder of parties is not ground for dismissal of an action."